# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | |
|---|---|
| Preston O'Brien-Gayes,<br><br>        Plaintiff,<br><br>v.<br><br>Amentum Services, Inc.,<br><br>        Defendant. | C/A No.:<br><br>**COMPLAINT**<br>**(JURY TRIAL DEMANDED)** |

## EMPLOYMENT CASE

The Plaintiff respectfully alleges the foregoing.

## PARTIES AND JURISDICTION

1. Plaintiff, Preston O'Brien-Gayes (hereinafter "Plaintiff"), is a citizen and resident of Horry County, South Carolina. At all times relevant to this action, Plaintiff was an employee of Amentum Services, Inc., in Antarctica as part of the United States Antarctic Program at Palmer Research Station. Plaintiff was paid as a South Carolina employee of Amentum Services, Inc. with ordinary South Carolina income tax wage withholdings.

2. Defendant, Amentum Services, Inc., (hereinafter "Defendant"), is a multinational corporation that operates as a contractor for the United States Antarctic Program and United ("USAP") and United States Government. Defendant is headquartered in Chantilly, Virginia but maintains a business location in Aiken, South Carolina.

3. This action arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §2000e et seq.) ("Title VII").

4.     The subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1331, which gives the District Court jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

5.     Venue lies within the Aiken Division pursuant to 28 U.S.C. §1391, because Defendant maintains a regular and established place of business in this judicial division and maintain sufficient contacts.

6.     Plaintiff filed charges with the South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission. The EEOC issued Plaintiff's right-to-sue letter on June 2, 2025. This action is filed within 90 days thereof.

## FACTUAL ALLEGATIONS

7.     Plaintiff, a male, was employed by Defendant as a Marine Technician and Research Vessel Captain as part of the USAP beginning in March 2023. Plaintiff was deployed to Palmer Station, which is a research station operated by the United States and the National Science Foundation. Defendant contracts with the United States government to provide various services through the USAP.

8.     Plaintiff's duties involved research vessel navigation, marine safety, and coordination of scientific operations.

9.     Beginning in May 2023, Plaintiff was subjected to repeated, unwelcome sexual conduct from male coworkers at Palmer station. The harassment included

   a. **Physical sexual contact**—Male coworkers repeatedly grabbed Plaintiff's buttocks and genitals in the galley, laboratory spaces, and living quarters, often in front of others.

  b. **Possible drugging and nonconsensual disrobing**—On more than one occasion in May-June 2023, Plaintiff awoke partially or fully unclothed, disoriented, and unable to recall events from the prior night. This ceased when Plaintiff began to lock his room door at night.

  c. **Sexualized intimidation**—Coworkers made persistent sexual remarks to Plaintiff, pressured plaintiff into inappropriate interactions, and mocked him in front of others with degrading comments about his body.

10. Such behavior was in direct violation of Defendant's Code of Conduct, Non-Harassment Policy, the Palmer Station Code of Conduct, and the United States National Science Foundation's ("NSF") Anti-Harassment Policy.

11. Plaintiff attempted to report this behavior to the appropriate personnel but could not do so based on the Defendant's failure to maintain an appropriate reporting apparatus.

12. The conduct continued after Plaintiff's attempted reports.

13. In early June 2023, Plaintiff began trying to report these incidents externally to several parties including Lidos (another contractor at Palmer Station that employed USAP employees), and the NSF Sexual Assault and Harassment Prevention and Response Program Office ("Safer Science").

14. When Plaintiff tried to report this to Defendant via telephone, his calls went to an unmonitored phone line that prompted him to leave a voicemail. Plaintiff's calls were never returned by Defendant.

15. Upon information and belief, no investigation into these serious allegations was conducted by Defendant.

16. Upon information and belief, none of the perpetrators of the behavior against Plaintiff were ever disciplined by Defendant.

17. On June 17, 2023, Plaintiff submitted a report about these incidents to the NSF's Office of Inspector General ("OIG").

18. Fearing for his safety and retaliation at Palmer Station, Plaintiff resigned on June 23, 2023. In his resignation letter to Defendant, he cited the danger, culture, and repeated sexual assault and harassment as reasons for his departure.

19. After his resignation, Plaintiff was extracted from Palmer Station by ship and was contacted by Michelle Izzi who was employed by Defendant as a Human Resources Manager from the Antarctic Support Contract. Izzi provided no meaningful support, investigation, or resources to Plaintiff.

20. Plaintiff received no further communication from Defendant except a direct deposit notification in September 2023 regarding the payment of $248.01.

21. From July 2023 to December 2023, Plaintiff was in contact with OIG Agents. However, in May 2024, OIG informed Plaintiff that they were closing the investigation and would not be pursuing the matter any further.

22. Plaintiff's experiences reflect a well-known USAP culture of substance abuse, coercion, intimidation, harassment, and retaliation, widely reported by outlets including *Scientific American*, *NBC News*, the *Associated Press*, and *NPR*.[1] In June 2022, the National Science

---

[1] https://www.scientificamerican.com/article/i-worked-in-antarctica-for-three-years-my-sexual-harasserwas-never-caught/ ; https://www.nbcnews.com/news/world/antarctica-base-man-accused-attackingcolleague-rcna197517 ; https://apnews.com/article/women-working-antarctica-sexual-harassment-assaultmcmurdo-ba0e550fddf1ab0afd031ff4d25143cb;
https://www.npr.org/2022/09/01/1120518369/antarcticasexual-harassment-assault-nsf-report;
https://www.science.org/content/article/sexual-harassment-ignoredu-s-antarctic-research-program-employees-say.

Foundation's Office of Polar Programs issued a report confirming widespread sexual assault, harassment, and stalking in the USAP.[2]

23. Even though this culture of widespread sexual assault was known to Defendant, Defendant failed to take proper precautions to prevent sexual assault and harassment or provide a means of safe report for survivors of sexual assault and harassment at USAP.

### FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
### (Sex Discrimination in Violation of Title VII)

24. Plaintiff realleges the foregoing where consistent.

25. Plaintiff experienced unwelcome sexual harassment and advances that included physical and verbal conduct of a sexual nature from male coworkers while employed by Defendant.

26. The harassment was based on Plaintiff's sex.

27. The harassment was not horseplay but was motivated by sex and constituted unwelcome sexually suggestive behavior.

28. The harassment faced by Plaintiff was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere as Plaintiff was forced to resign and leave Palmer Station for his own safety.

29. The same amounts to a constructive discharge for which Defendant is lawful.

30. Defendant knew or should have known about the harassment and failed to take prompt and appropriate remedial action to prevent further harassment by its employees and on its premises.

---

[2] https://www.nsf.gov/geo/opp/documents/USAP%20SAHPR%20Report.pdf

31.     Defendant caused Plaintiff the following damages for which it is liable: back pay, front pay, back benefits, front benefits, pain and suffering, and emotional distress. Plaintiff is also entitled to attorney's fees in accordance with federal law and punitive damages based on the Defendant's knowing and intentional, unlawful conduct. Plaintiff's last requests, and is due, pre-judgment interest on all damages recovered.

## **PRAYER FOR RELIEF**

WHEREFORE, for the actions alleged above, Plaintiff prays for judgment to be awarded against the Defendant for all recoverable damages he has suffered because of the claims alleged herein in an appropriate amount to be determined by a jury; as well as any other relief this Court should deem proper. Plaintiff further requests punitive damages and attorney's fees and costs. Lastly, Plaintiff requests punitive damages and pre-and post-judgement interest be awarded on all damages.

**CROMER BABB & PORTER, LLC**

BY:     s/*J. Paul Porter*
          J. Paul Porter (Fed No. 11504)
          Jillian M. Lesley (Fed No. 14090)
          1418 Laurel Street, Ste. A
          Post Office Box 11675
          Columbia, South Carolina 29211
          Phone: 803-799-9530
          Fax: 803-799-9533
          paul@cromerbabb.com
          jill@cromerbabb.com

*Attorneys for Plaintiff*

August 22, 2025
Columbia, South Carolina